[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11172

Non-Argument Calendar

_____

AVA ELECTRIS CANNIE,

Plaintiff-Appellant,

*versus*

REFIK WERNER ELER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-01387-HES-JBT

_____

Before WILSON, BRASHER, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Ava Cannie filed this *pro se* action against her former criminal defense attorney, Defendant Refik Eler, asserting various federal constitutional claims arising from Defendant's alleged ineffective assistance of counsel.  In addition to her complaint, Plaintiff filed a motion under 28 U.S.C. § 1915(a)(1) to proceed *in forma pauperis*.  As required when such a motion is filed, the district court conducted a frivolity review under 28 U.S.C. § 1915(e)(2)(B).  Based on its review, the court concluded that Plaintiff's complaint did not state a claim upon which relief may be granted and thus dismissed the case pursuant to Federal Rule 12(b)(6).  Plaintiff appeals the dismissal.  After a careful review of the record and the arguments of the parties, we discern no error and thus **AFFIRM**.

## BACKGROUND

Plaintiff was charged in Duval County, Florida with several counts of credit card fraud and identity theft. The charges stemmed from Plaintiff's use of personal identification information gained while running her business, Luxury Publishing, Inc., to open credit cards without the permission of the victims and then making purchases with those cards. Plaintiff's criminal case is still ongoing. *See State v. Cannie*, Fla. 4th Jud. Cir., Case No. 16-2014-CF-009599.

Defendant was appointed in April 2017 to represent Plaintiff, and he served as her criminal defense attorney in the Duval County case until the state court granted his motion to withdraw in October 2019. During this time period, and in the course of representing Plaintiff, Defendant filed three separate *ex parte* motions with the state court to have Plaintiff evaluated by a psychologist to determine her competency to stand trial. The state court granted all three motions, each of which resulted in Plaintiff's evaluation and a subsequent order from the state court adjudging Plaintiff incompetent and directing her involuntary commitment to the Florida State Hospital ("FSH") for treatment to restore competency. Plaintiff claims she spent a total of two and a half years in the FSH as a result of the psychological evaluations that were instigated by Defendant's motions.

To briefly summarize their findings, the psychologists who evaluated Plaintiff pursuant to Defendant's motions—Dr. Stephen Bloomfield in 2017 and 2018 and Dr. Larry Neidigh in 2019—determined that Plaintiff was incompetent to stand trial because she could not effectively assist in her defense due either to a delusional disorder or a bipolar disorder that caused her to engage in perseverative and irrational thoughts, including conspiracy theories about her case. Nevertheless, at the end of each period of commitment, a report provided by the FSH concluded that Plaintiff had had been restored to competency and that she should be returned to Duvall County to proceed with her criminal case. Dr. Neidigh, one of Plaintiff's evaluating psychiatrists, expressed concern about the

"revolving door" of Plaintiff's commitment to and release from the FSH, but he determined there was no other alternative to address the issues he identified during his competency evaluation.

Plaintiff filed numerous motions to terminate Defendant's representation throughout the course of the above proceedings, in which she complained about Defendant's inattention to her case as well as his efforts to have her committed. After Defendant was permitted to withdraw from the case in 2019, Plaintiff filed a civil action against Defendant in state court asserting claims based on various aspects of his legal representation, including his allegedly unlawful attempts to have Plaintiff involuntarily committed. *See Cannie v. Eler*, Fla. 4th Jud. Cir., Case No. 2019-CA-7205. The state court granted Defendant's motion to dismiss Plaintiff's claims with prejudice. However, two days before that order was entered, Plaintiff filed a notice of voluntary dismissal without prejudice of those claims.

Plaintiff subsequently filed the instant complaint in the Middle District of Florida, in which she asserted several federal constitutional and other claims based on Defendant's actions while serving as her criminal defense lawyer in the state proceedings. Specifically, Plaintiff alleged that Defendant violated her Fifth Amendment due process rights and her Sixth Amendment right to effective assistance of counsel, in addition to committing other violations that amounted to a breach of his fiduciary duty, defamation, fraud, and false imprisonment. The essence of Plaintiff's claims is that Defendant committed these violations by misrepresenting to

the state court and to the psychologists who evaluated her that she "could not explain her case" to him, resulting in incompetency evaluations that caused her to be committed to FSH for two and a half years and thus incur associated damages and loss of profits and property.

In conjunction with her complaint, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). When such a motion is filed, the district court is required to review and dismiss the case if it determines that the action is frivolous, that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). After reviewing Plaintiff's complaint in this case, a Magistrate Judge took her motion under advisement. Noting that the complaint was "barely comprehensible" and that it included more than 300 pages or "seemingly random" attachments, the Judge directed Plaintiff to file an amended complaint to satisfy § 1915(e)(2)(B). The Magistrate Judge warned Plaintiff that he would likely recommend that the district court deny her *in forma pauperis* motion and dismiss the case if she did not comply with that directive.

Plaintiff subsequently filed an amended complaint in which she again alleged that Defendant, her court appointed criminal defense lawyer in the prior state case, violated her constitutional rights. Plaintiff acknowledged in her complaint that Defendant does not work for the state of Florida or any of its agencies, and that he is "considered a private lawyer" who cannot be held liable

to Plaintiff under 42 U.S.C. § 1983 for any alleged malfeasance while acting as her criminal attorney. Nevertheless, while conceding that Defendant was not subject to liability under § 1983, Plaintiff alleged that he could be held directly liable to her for violating her Fifth Amendment due process rights and her Sixth Amendment right to effective assistance of counsel, breaching his fiduciary duties to her, and subjecting her to false imprisonment and "illegal restraint." As damages, Plaintiff sought to recover lost income, damages associated with a broken leg she incurred while she was in the FSH, reputational damages, and personal property losses.

After Plaintiff filed her amended complaint, the Magistrate Judge issued a report and recommendation ("R&R") recommending that Plaintiff's *pro se* motion to proceed *in forma pauperis* be denied and that her case be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge explained in the R&R that Plaintiff's amended complaint, even liberally construed, did not cure the deficiencies of the initial complaint. Specifically, the Magistrate Judge observed that Plaintiff's amended complaint, like her initial complaint, essentially alleged that Plaintiff's court-appointed attorney in her state criminal case violated her constitutional rights by instigating the competency evaluations that resulted in her involuntary commitment. The Magistrate Judge acknowledged that Plaintiff's amended complaint expressly disavowed reliance on § 1983, given her concession that Defendant is a private attorney and not a state actor. But that did not make her claim any more cognizable, according to the Magistrate Judge, because the federal

constitution does not support freestanding claims to remedy its violation. Instead, any such claims must be brought via § 1983, the "state actor" requirement of which Plaintiff admittedly could not satisfy. The Magistrate Judge noted further that the amended complaint still contained the technical deficiencies identified in the first complaint, such as lengthy and irrelevant attachments.

Plaintiff submitted a timely objection to the R&R in which she clarified that she was not relying on § 1983 "because lawyers do not meet the [state action] criteria" of that statute. Instead, Plaintiff claimed, she intended to sue Defendant directly for his alleged violation of her Fifth and Sixth Amendment rights and for his "false restraint/imprisonment" and "malfeasance and lying." Plaintiff also charged the Magistrate Judge and the judges in her three other pending federal cases of being impartial and acting "as the defendant's attorney." Finally, Plaintiff suggested that Defendant could be liable because there is no "federal immunity from state malpractice liability."

The district court adopted the R&R in its entirety after conducting a *de novo* review of the record and pleadings. Pursuant to its order, the court denied Plaintiff's motion to proceed *in forma pauperis* motion and dismissed her case based on the rationale set out in the R&R. Plaintiff appeals, arguing that Defendant violated her Fifth Amendment due process rights and her Sixth Amendment right to effective assistance of counsel by instigating the competency evaluations that resulted in her involuntary commitment, and also that Defendant falsely imprisoned her and committed

negligence, malpractice, fraud, and various other acts of "malice" in the course of his legal representation.[1]

## DISCUSSION

### I.    Standard of Review

We review *de novo* a district court's *sua sponte* dismissal of a complaint under § 1915(e)(2) for failure to state a claim. *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019). The language of the relevant provision of § 1915(e)(2) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and the same substantive standard applies. *See id.* We accept the allegations in the complaint as true and construe them in the light most favorable to Plaintiff. *See Tolar v. Bradley Arant Boult Commings, LLP*, 997 F.3d 1280, 1299 (11th Cir. 2021). Viewed in that manner, a complaint is subject to dismissal under Rule 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1299–1300 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted)). "A claim is facially plausible when it is supported by facts that permit a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1300 (quotation marks omitted).

---

[1] After the district court and this Court denied her motion to proceed *in forma pauperis* on appeal, Plaintiff submitted the applicable filing fee.

This Court construes a *pro se* litigant's pleadings liberally, and we hold such pleadings to a less stringent standard than pleadings drafted by an attorney. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (noting that "*pro se* pleadings are liberally construed"). However, the Court "may not serve as *de facto* counsel" for a *pro se* litigant or "rewrite" a deficient pleading. *See id.* (quotation marks omitted). Like any complainant, a *pro se* plaintiff must include in his complaint enough factual allegations that "raise a right to relief above the speculative level" to survive a Rule 12(b)(6) motion to dismiss. *See Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (quotation marks omitted).

## II.    Plaintiff's Federal Constitutional Claims

Plaintiff attempts in her complaint to assert claims against Defendant directly under the Fifth and Sixth Amendments of the federal constitution. As discussed above, these claims are based on Defendant's alleged violation of Plaintiff's due process rights and her right to effective assistance of counsel while acting as Plaintiff's criminal defense lawyer during her state proceedings. Plaintiff presumably intends to invoke additional federal constitutional rights related to certain other claims asserted in her complaint—for example, her false imprisonment claim.

As the Magistrate Judge and the district court correctly recognized, federal constitutional provisions such as the Fifth and Sixth Amendments do not give rise to a direct cause of action or a free-standing claim against an individual who allegedly violates those provisions. *See* 42 U.S.C. § 1983 (creating a civil right of

action to remedy "the deprivation of any rights, privileges, or im-munities secured by the Constitution and [federal] laws"); *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982) (noting that the remedial scheme set out by Congress in § 1983 "precludes the im-plication of a direct constitutional action" for the federal constitu-tional violations asserted by the plaintiff).  Instead, a cause of action against an individual for an alleged federal constitutional violation can only be brought pursuant to 42 U.S.C. § 1983.  *See Williams*, 689 F.2d at 1390.

Plaintiff expressly disavows reliance on § 1983, and for good reason.  Section 1983 creates a private cause of action that allows a plaintiff to recover for the deprivation of a federal right by a person acting under color of state law.  *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003) (cit-ing § 1983 and noting that the provision allows recovery where a plaintiff can show he was "deprived of a right secured by the Con-stitution or laws of the United States, and that the alleged depriva-tion was committed under color of state law") (quotation marks omitted).  As such, and as Plaintiff acknowledges, § 1983 is unavail-able here because relief under that statute would require her to show that (1) Defendant deprived her of a right secured by the United States Constitution or federal law, <u>and</u> (2) "the alleged dep-rivation was committed under color of state law."  *See id.* (quota-tion marks omitted).  It is well-established, that a court-appointed attorney does not act under color of state law for purposes of § 1983.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A]

public defender does not act under color of state law when per-forming a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

In short, there are no facts in Plaintiff's complaint that would support a cognizable claim against Defendant based on his alleged violation of Plaintiff's federal constitutional rights while acting as her criminal defense attorney in her state proceedings.   Accordingly, the district court did not err by dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

### III.    Plaintiff's Remaining Claims

We note, out of an abundance of caution, that Plaintiff has asserted some claims in her complaint that could be construed to rely on state rather than federal law. For example, Plaintiff alleges that Defendant breached his fiduciary duty and "defamed and slandered" her. Further, Plaintiff has described her case against Defendant as a "negligence suit." The district court concluded in its order that, to the extent Plaintiff's claims could be construed as state law claims, she did not allege a basis for the court to assert jurisdiction over those claims. Plaintiff has not challenged that ruling on appeal and has thus abandoned the issue.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)).

Furthermore, we agree with the district court that Plaintiff did not allege any facts in her complaint that would support the

existence of diversity jurisdiction in this case, such that the court would be obliged to consider Plaintiff's state claims after having dismissed federal claims for failure to state a cognizable claim. Instead, Plaintiff relies solely 28 U.S.C. § 1331, which establishes federal jurisdiction in cases that involve a federal question. *See* 28 U.S.C. § 1331 (stating that federal district courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States"). Accordingly, and assuming Plaintiff intended to assert any state law claims against Defendant, we **AFFIRM** the district court's ruling dismissing those claims.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted.